UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Charles L. Cecil, | : | Case No. 1:10CV0389 |
| | : | |
| Petitioner | : | Judge Solomon Oliver, Jr. |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Rich Gansheimer, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this pro se action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his July 20, 2005 conviction pursuant to a plea of guilty to one count of robbery, upon which he is serving a sentence of five years incarceration.[1]

Approximately two and a half years later, on January 11, 2008, the petitioner filed a pro se motion to withdraw his guilty plea, the ineffective assistance of trial counsel for failure to accurately convey that absent entry of a guilty plea he could have only been sentenced on one count of robbery because the robbery counts were allied offenses of similar import.

In July of 2008, while the foregoing motion was pending, petitioner also filed with the trial court a "motion to compel coupled with a motion to take judicial notice," in which he urged the court to rule on the motion to withdraw his guilty plea, and to take judicial notice of the Ohio

---

[1]Petitioner was also originally charged with another count of robbery and one count of grand theft, but upon entry of his guilty plea the trial court nolled the remaining counts.

Supreme Court's decision in State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624 ("Colon I"), as it related to his argument that his indictment was defective for failure to specify the requisite mental state for the crime of robbery.

The motions were denied on January 26, 2009.

The petitioner appealed the foregoing ruling to the Ohio Eleventh District Court of Appeals, alleging the following two assignments of error:

> I. Defendant-Appellants [sic] indictment is fatally defective where it fails to include an essential element of the crime charged in violation of the Ohio and The United States Constitution.
>
> II. Appellant was Constitutionally deprived of 6th and 14th Amendment rights to effective assistance of counsel where counsel failed to adequately conduct, prior to pressuring Appellant to enter a guilty plea, a preliminary investigation of the charges, in violation of Ohio and United States Constitutions.

On September 21, 2009 the appellate court affirmed the judgment of the trial court.

On September 30, 2009 the petitioner filed a motion which the appellate court read as being a motion for reconsideration, which was denied on November 20, 2009.

During the pendency of that motion, on October 22, 2009 the petitioner filed a notice of appeal with the Ohio Supreme Court alleging the following three propositions of law:

> **Proposition of Law No. I**: An indictment which fails to include an essential element of the offense charged; *Mens rea* is fatally defective, voidable for lack of subject matter jurisdiction or for the failure to charge an offense, provide Notice of Offense, and its challenge may not be waived by a guilty plea.
>
> **Proposition of Law No. II**: The decision of The Lake County Court of Appeals is contrary to the Federal and State precedents.

>**Proposition of Law No. III**: Mr. Cecil's guilty plea is a product of ineffective assistance of counsel in violation of the Sixth Amendment of The United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution.

On December 30, 2009 the court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Petitioner did not appeal this decision to the United States Supreme Court.

On February 22, 2010 petitioner filed the instant petition, in which he raised the following four claims for relief:

>**A. GROUND ONE:** Petitioner was denied due process where his indictment failed to provide him notice of the offense charged.
>
>**Supporting FACTS:** The indictment omitted the mens rea element of recklessness in the mental element.
>
>**B. GROUND TWO:** The petitioner entered an invalid guilty plea where the trial court failed to notify the petitioner of the essential element of the crime charged.
>
>**Supporting FACTS:** The trial court and counsel did not advise petitioner prior to advising him to plead guilty the mens rea element of the offense of robbery.
>
>**C. GROUND THREE:** 5th, 6th and 14th Amendment [sic] violation U.S. Constitution the trial court lacks subject matter jurisdiction to accept guilty plea.
>
>**Supporting FACTS:** The trial court permitted petitioner to enter a guilty plea to an indictment that lacks mens rea element of the offense charged.
>
>**D. GROUND FOUR:** Trial counsel rendered ineffective assistance of counsel in violation of the 6th and 14th Amendments to the United States Constitution.
>
>**Supporting FACTS:** Counsel failed to conduct pretrial investigation concerning the defect in the indictment.

On June 15, 2010 the petitioner amended his petition to include the following claim for relief:

> **E. GROUND FIVE:** Petitioner was denied of his Constitutional rights under the 5th, 6th and 14th Amendment [sic] to the United States Constitution, warranting an order of expungement of record of state conviction.
>
> **Supporting FACTS:** The indictment against the petitioner lacks the *mens rea* element of the offense of robbery warranting the dismissal of all charges because petitioner was not properly given the notification of the charges.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).[2]

The respondent argues at the outset that petitioner's first, second, third and fifth claims for relief are not cognizable in habeas corpus as they each challenge the indictment with which he was charged and upon which he was convicted and, therefore, that they should be dismissed on that basis. This Court would add that the underlying premise of petitioner's fourth claim for relief is also that the indictment was defective.

The role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the

---

[2]The respondent did not argue that the petition was untimely filed pursuant to 28 U.S.C. §2244(d), despite the fact that more than two years passed from the time his conviction/sentence became final and the time of filing the motion to withdraw his guilty plea. In the context of a habeas corpus case, untimeliness has been found to be an affirmative defense which can be waived. Scott v. Collins, 286 F.3d 923, 927 (6th Cir. 2002). As a consequence, issues of untimeliness will not be considered herein.

claim—

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings; Williams v. Taylor, 529 U.S. 420 (2000), with the state court adjudication being "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court];" and with the state court adjudication involving an "unreasonable application of clearly established Federal law, as determined by the Supreme Court" "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply." 120 S.Ct. at 1519-1520. In deciphering the "unreasonable application" clause this Court must inquire as to whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521. Even if the state court decision resulted in an incorrect application of federal law, if that decision is reasonable it will stand. Id. See, Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000).

5

To be entitled to relief in federal habeas corpus a petitioner must establish that there has been infringement of a right guaranteed under the United States Constitution. Clemmons v. Sowders, 34 F.3d 352, 357 (6th Cir. 1994). A violation of state law is not cognizable in federal habeas corpus unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution. See, Floyd v. Alexander, 148 F.3d 615, 619 (6th Cir.), cert. denied, 525 U.S. 1025 (1998); Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir. 1993), cert. denied, 510 U.S. 1201 (1994). It is the obligation of this Court to accept as valid a state court's interpretation of the statutes and rules of practice of that state. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Accord, Duffel v. Dutton, 785 F.2d 131, 133 (6th Cir. 1986).

In addition, it is well-established that there is no federal constitutional right to be charged in an indictment. Hurtado v. California, 110 U.S. 516, 537-38 (1884); Branzburg v. Hayes, 408 U.S. 665 (1972); Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir. 1984); Watson v. Jago, 558 F.2d 330, 337 (6th Cir. 1977). "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." Koontz, supra at 369, citing In Re Ruffalo, 390 U.S. 544 (1968); Blake v. Morford, 563 F.2d 248 (6th Cir. 1977); and Watson v. Jago, supra at 338. Such fair notice is given when the offense charged is described with "precision and certainty so as to apprise the accused of the crime with which he stands charged." Ibid.

That having been said, claims of error in an indictment are state law claims not cognizable in habeas corpus, unless it can be shown that the defendant was denied fair notice of the charges

6

against him or her so as to adequately prepare a defense.

The state appellate court held that the indictment did not violate petitioner's constitutional rights, stating in pertinent part:

> Cecil raises two assignments of error. His first assignment of error is:
>
> "Defendant-Appellant[']s indictment is fatally defective where it fails to include an essential element of the crime charged in violation of the Ohio and The United States Constitution[s]."
>
> In *Colon I*, the Supreme Court of Ohio held, "[w]hen an indictment fails to charge a mens rea element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment." *State v. Colon*, 2008-Ohio-1624, syllabus.
>
> Upon reconsideration, in *Colon II*, the Supreme Court of Ohio held, "the rule announced in *Colon I* is prospective in nature and applies only to those cases pending on the date *Colon I* was announced." *State v. Colon*, 2008-Ohio-3749, at ¶5. Therefore, *Colon I* "cannot be applied retroactively *** since a "'new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies.'" *State v. Nicholas*, 11th Dist. Nos. 2008-P-0080 & 2008-P-0082, 2009-Ohio-2953, at ¶14, quoting *Colon II*, 2008-Ohio-3749, at ¶4, quoting *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, at ¶6. The Second Appellate District has interpreted the Supreme Court of Ohio's holding in *Colon II* to mean that the action must have been "pending on direct appeal." *State v. Mitchell*, 2d Dist. No. 22814, 2009-Ohio-3124, at ¶9. We agree with this interpretation.
>
> In this matter, Cecil did not appeal the judgment entry of sentence. Thus, he exhausted all his appellate remedies as he did not have a direct appeal pending at the time *Colon I* was announced.
>
> Cecil claims his case was "pending" because the trial court had not ruled on his postsentence motion to withdraw his guilty plea when *Colon I* was announced. We disagree. If we were to adopt Cecil's position, a criminal defendant could be encouraged to continuously file various motions with the trial court, potentially availing that individual to all subsequent legal rulings by the Supreme Court of

> Ohio, regardless of any limiting language regarding the prospective nature of the holding. This would be inconsistent with the case law limiting such holdings to those cases pending on direct review. *State v. Mitchell*, 2009-Ohio-3124, at ¶9. See, also, e.g. *State v. Silsby*, 119 Ohio St.3d 370, 2008-Ohio-3834, at ¶18.
>
> Cecil's first assignment of error is without merit.

These challenges to the indictment were allegations of violation of state law which fail to rise to the level of a denial of fundamental fairness and, therefore, are not cognizable in federal habeas corpus. However, even if they were to be considered, this Court would not find that the decision of the state appellate court on the foregoing matters of state law was either objectively unreasonable or that it involved an unreasonable application of federal law.

Petitioner's claim that he was denied the effective assistance of counsel by reason of counsel's failure to ascertain the defect in the indictment to which he entered his plea of guilty, cannot succeed in the context of a habeas corpus petition in light of the finding on the underlying claim that challenges to the indictment are not cognizable in habeas corpus. However, even if the merits were to be considered, this claim would fail.

In order to be granted relief based upon an ineffective assistance of counsel claim a petitioner must demonstrate that counsel's conduct was so far below acceptable standards of representation that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution, and that such deficient performance so prejudiced the defense as to render the trial unfair. Strickland v. Washington, 466 U.S. 668 (1984); United States v. Bavers, 787 F.2d 1022 (6th Cir. 1985); United States v. Gallo, 763 F.2d 1504 (6th Cir. 1985). Disagreement by a defendant with tactics and/or strategy will not support a claim of ineffective assistance, and a petitioner in habeas corpus must overcome a presumption that the

challenged conduct of counsel was a matter of strategy. Strickland, 466 U.S. at 689.

In the context of a guilty plea, in order to establish prejudice the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted ongoing to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Accord, Padilla v. Kentucky, ___ U.S. ___, 130 S.Ct. 1476, 176 L.Ed.2d 284 (2010); Railey v. Webb, 540 F.3d 393, 414-416 (6th Cir. 2008). Where counsel's advice falls below a standard of reasonableness "the state trial court's proper colloquy can be said to have cured any misunderstanding [petitioner] may have had about the consequences of his plea" thereby rendering defense counsel errors in assurances concerning sentence or probation harmless. Ramos v. Rogers, 170 F.3d 560 (6th Cir. 1999), cert. denied, 120 S.Ct. 121 (1999).

The state appellate court rejected petitioner's claims of ineffective assistance of counsel in this regard, holding in pertinent part:

> Cecil's second assignment of error is:
>
> "Appellant was Constitutionally deprived of [his] 6th and 14th Amendment rights to effective assistance of counsel where counsel failed to adequately conduct, prior to pressuring Appellant to enter a guilty plea, a preliminary investigation of the charges, in violation of [the] Ohio and United States Constitutions."
>
> Cecil argues he should have been permitted to withdraw his guilty plea because he received ineffective assistance of counsel.
>
> \* \* \* \* \*
>
> Crim.R. 32.1 provides a means for a criminal defendant to withdraw a guilty plea and states, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The burden is on the defendant to show the existence of the alleged manifest injustice. *State v. Smith* (1977), 49 Ohio St.2d

9

261, paragraph one of the syllabus.

An appellate court is limited in its review of a trial court's decision regarding a motion to withdraw a guilty plea to determine whether the trial court abused its discretion. (Citations omitted.) *State v. Gibbs* (June 9, 2000), 11th Dist. No. 98-T-0190, 2000 Ohio App. LEXIS 2526, at *6-7. The term "abuse of discretion" implies that the court's decision was arbitrary, unreasonable, or unconscionable. (Citations omitted.) *State v. Adams* (1980), 62 Ohio St.2d 151, 157-158.

In *State v. Bradley,* the Supreme Court of Ohio adopted the following test to determine if counsel's performance in ineffective: "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley,* (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, adopting the test set forth in *Strickland v. Washington* (1984), 466 U.S. 668. Moreover, "'a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *** If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, *** that course should be followed.'" Id. at 143, quoting *Strickland*, 466 U.S. at 697.

To demonstrate prejudice in the context of a guilty plea, the appellant must show "there is a reasonable probability that, but for counsel's error, [he] would not have pleaded guilty." *State v. Brunkala*, 11th Dist. Nos. 2007-L-184 & 2007-L-185, 2008-Ohio-3746, at ¶11. (Citation omitted.)

Cecil contends his trial counsel failed to advise him that he had a limited right to appeal his conviction due to the fact he pled guilty.

We note Cecil did not raise this argument in his motion to withdraw his guilty plea filed with the trial court. This court has held that issues that have not been raised at the trial court level cannot be raised for the first time on appeal. *State v. Marquez,* 11th Dist. No. 2007-A-0085, 2008-Ohio-5324, at ¶33, citing *State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, at ¶26. However, despite this procedural infirmity, we will briefly address Cecil's argument on its merits.

10

> The following colloquy occurred at the change of plea hearing:
>
> "THE COURT: Do you further understand if you went to trial and were found guilty of this charge, any of these charges, you would have the right to appeal that guilty finding: but by entering a plea of guilty here today, you are giving up that right to appeal the guilty finding, conviction.  Do you understand that?
>
> "[Cecil] Yes sir."
>
> In addition, Cecil testified that he was satisfied with trial counsel's representation.
>
> Finally, we note Cecil filed his motion to withdraw his guilty plea more than two years after his plea was entered and he was sentenced by the trial court.  "An undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."  *State v. Smith*, 49 Ohio St.2d 261, paragraph three of the syllabus.  The fact that Cecil did not assert this argument in a timely fashion weighs against his credibility in asserting that he was not properly advised on this issue.
>
> Cecil has not demonstrated that his trial counsel's performance was deficient for failing to advise him of his appellate rights relative to a guilty plea.
>
> Cecil also argues that his trial counsel's performance was deficient for failing to adequately investigate the language of the indictment.
>
> Cecil's motion to withdraw his guilty plea was based on an allegation that he received a "misrepresented degree of benefit" from his plea agreement, in that two of the charged offenses were allied offenses of similar import, so he could not have been convicted of both of them.  At the change of plea hearing, Cecil stated that he was entering the plea voluntarily and that there had not been any promises made.  In addition, he stated he was satisfied with counsel's representation.  Moreover, we note that Cecil was also charged with theft, which was also dismissed pursuant to the plea agreement.  Therefore, even if his argument is accepted, he did receive an additional benefit by entering the guilty plea to one count of robbery.

11

> On appeal, Cecil claims his counsel's performance was defective for failing to investigate the indictment, an argument related to his motion to take judicial notice of *Colon I*. As the state notes, Cecil is asking this court to declare his trial counsel's performance in 2005 deficient because he failed to anticipate the Supreme Court of Ohio's ruling in *Colon I*, which occurred in 2008. Accordingly, we cannot conclude counsel's representation was deficient.
>
> Further, Cecil has failed to demonstrate that he would not have pled guilty to one count of robbery without these perceived instances of deficient representation. *State v. Brunkala*, supra, at ¶11. (Citation omitted.) Thus, he has not show that he was prejudiced. Id.
>
> Finally, we again emphasize that since Cecil filed a postsentence motion to withdraw his guilty plea, he was required to demonstrate a manifest injustice. Crim.R. 32.1. Cecil does not contend that he is actually innocent of the robbery offense or advance any other claim that rises to the level of a manifest injustice.
>
> Cecil's second assignment of error is without merit.

This Court finds that the state appellate court's conclusion that petitioner had not provided adequate evidence of ineffective assistance of counsel did not amount to an objectively unreasonable application of the rule of Strickland to the facts of this case, nor was it an unreasonable determination of the facts in light of the evidence presented, particularly in light of the fact that the proper colloquy cured any misunderstanding regarding the charges against him, the potential sentence, and his appeal rights, as well as the fact that he did receive an additional benefit by entering the guilty plea to one count of robbery. As a consequence, petitioner's claim of ineffective assistance must fail.

In light of all the foregoing it is concluded that no claim of constitutional violation has been presented requiring further proceedings prior to disposition on the merits, and it is, therefore, recommended that the petition be dismissed without further proceedings.

                                                                  s/DAVID S. PERELMAN
                                                                  United States Magistrate Judge

DATE:    September 30, 2010

## OBJECTIONS

       Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).